IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRENDA S. LACQUEMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-06-973-D |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is the Motion for Attorney Fees Under 42 U. S. C. § 406(b) filed herein by

Plaintiff's counsel [Doc. No. 32].  Counsel seeks approval of an attorney fee of $7,174.00 for legal

work before this Court in connection with Plaintiff's receipt of Social Security benefits, to be paid

to counsel pursuant to the contingent fee contract executed by Plaintiff.  Plaintiff's counsel states

that the amount approved by the Court will be paid to counsel from the past-due benefits awarded

by the Social Security Administration after it reconsidered Plaintiff's claim following  this Court's

previous judgment remanding this case for further proceedings.  Upon receipt of the approved fee,

counsel will then refund to Plaintiff the $5,816.10 in fees previously awarded and paid pursuant to

this Court's April 16, 2008 Order [Doc. No. 30] determining that Plaintiff is entitled to that amount

as the prevailing party under the Equal Access to Justice Act, 28 U. S. C. § 2412(d) ("EAJA").

Defendant has timely responded to the Motion, acknowledging that he is not the true party

in interest and has no financial stake in the outcome of the motion.  *See Gisbrecht v. Barnhart*, 535

U.S. 789, 798 n. 6 (2002).  Defendant discusses the standards to be employed by the Court in ruling

on a motion for § 406(b) fees, and does not take a position with regard to the reasonableness of the fee requested by counsel in this case.

In support of the motion, counsel summarizes the history of this case, noting that counsel was asked to represent Plaintiff in her appeal to this Court of an unfavorable agency decision.  Plaintiff and counsel executed a contingent fee contract in which Plaintiff agreed to pay counsel a fee of 25% of any past-due benefits obtained if she ultimately received a favorable decision and was awarded benefits.  A copy of the contingent fee contract is submitted as Attachment 1 to the Motion.  The contract provides that any fee paid pursuant to its terms will be offset by fees awarded pursuant to the EAJA.  Counsel states that, if the Court approves the requested fee of $7,174.00, the previously awarded EAJA fee of $5,816.10 will be refunded to Plaintiff and the balance retained by counsel as the full attorney fee for his representation in this case.  That procedure is consistent with the parties' contingency fee agreement.

The record reflects that, when Defendant issued its notice of an award of past-due benefits to Plaintiff, it withheld 25% of that amount, pending the Court's ruling on the § 406(b) fee to be awarded.  Pursuant to § 406(b), a court may award a reasonable fee to a plaintiff's counsel, not to exceed 25% of the past-due benefits awarded.

Before determining the amount of a reasonable fee, the Court must first find that the motion for a fee award is timely.  There is no deadline prescribed by the statute.  In this case, the notice of the award of past-due benefits was issued on September 30, 2008; the instant motion was filed on October 13, 2008.  Because of the uncertainty with regard to the deadline for filing a motion for attorney fees, Plaintiff's counsel also requested an extension of time in which to file the motion, and the Court granted that motion [Doc. No. 34].  Accordingly, the motion is timely.

2

Section 406(b) fees are available when a court remands a case for further proceedings and the agency issues a favorable ruling on remand. *McGraw v. Barnhart*, 450 F.3d 493, 502 (10th Cir. 2006). However, a § 406(b) award is not mandatory. *Id.* Nor is an award consisting of 25% of the past-due benefits mandatory; instead, the 25% represents a ceiling on the fees. *Gisbrecht*, 535 U.S. at 807.

As Plaintiff's counsel points out, the award notice in this case does not explicitly state the total amount of past-due benefits being awarded. However, the notice states that amounts totaling $7,174.00 have been withheld, and it states that the amount withheld is 25% of the benefits awarded. *See* Attachment 3 to Plaintiff's Motion. Based on the information in the award notice, counsel has determined the total benefit award is $28,696.00; the Court agrees with that calculation.

The Court must independently review the § 406(b) fee request to ensure that it satisfies the statutory purpose of yielding a reasonable result. *Gisbrecht*, 535 U.S. at 806. The attorney for the successful claimant bears the burden of establishing the reasonableness of the fee requested. *Id.* at 807 n. 17. Although § 406(b) does not prescribe the factors to be applied in evaluating the reasonableness of the fee, the United States Supreme Court has discussed in general the items to be considered. *Gisbrecht*, 535 U.S. at 808. Specifically, the Court has held that contingent fee agreements are permissible under § 406(b). *Gisbrecht*, 535 U. S. at 808-09. The Court must, however, determine that the terms of the agreement are reasonable. *Id.* If the agreement is reasonable, it should be given significant weight in fixing a fee; however, the Court should also consider other factors, including the time expended by counsel as well as the quality of the legal work. *Gisbrecht*, 535 U.S. at 808. The "lodestar" method should not be applied in determining the reasonableness of a fee in a Social Security case where a plaintiff has executed a contingent fee

contract. *Id.* at 806. Instead, the Court should examine the quality of the legal representation, and may reduce a requested fee if the work was substandard, if there were unnecessary delays, or if the representation was otherwise deficient. *Gisbrecht*, 535 U. S. at 808.

In this case, the parties executed a contingent fee agreement governing the work to be performed by counsel in federal court proceedings in connection with Plaintiff's claim for Social Security benefits. *See* Attachment 1 to Motion. The agreement set a maximum fee of 25% of any past due benefits awarded, subject to reduction by any award of fees pursuant to the EAJA. The agreement provides that, if a favorable decision does not result, Plaintiff will owe no attorney fees. In addition, the contract requires payment by the Plaintiff of filing fees and other expenses related to the pursuit of her claim in a federal court action. Having examined the terms and provisions of the agreement, the Court finds that it is reasonable.

With respect to the other factors to be considered in assessing a reasonable fee, the Court finds that the quality of the work performed by counsel warrants the fee requested. Counsel pursued Plaintiff's claim in a timely manner, and was successful in achieving a reversal of Defendant's decision and a remand of the matter for further consideration. Upon remand, Plaintiff was determined to qualify for benefits, and past-due benefits were awarded.

Having fully considered the terms of the contingent fee contract, the work performed by counsel in this case, and the results obtained, the Court concludes that the requested fee of $7,174.00 represents a fair and reasonable fee. Accordingly, the Motion [Doc. No. 32] is GRANTED. The Defendant is directed to pay the amount of $7,174.00 to Plaintiff's counsel, Steve A. Troutman of Troutman & Troutman, P.C., as total payment of the attorney fee to be awarded pursuant to § 406(b). Upon receipt of same, Plaintiff's counsel shall refund to Plaintiff the EAJA fees previously awarded

4

and paid to counsel.

IT IS SO ORDERED this 12th day of November, 2008.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE